PAUL HENRY NATHAN SBN: 262697
LAW OFFICES OF PAUL H. NATHAN
A Professional Corporation
540 Pacific Avenue
San Francisco, CA 94133
Telephone:	415.341.1144
Facsimile:	415.341.1155
Electronic mail: paulnathan@nathanlawoffices.com

Attorneys for Defendant,
STEVEN F. GRUEL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO CORONA CONTRERAS, | ) ) ) | No. |
| Plaintiff, | ) ) ) | (Originally Filed as California Superior Court, City and County of San Francisco, No. CGC-14-540277) |
| v. | ) ) | |
| STEVEN F. GRUEL, and Does 1-20, inclusive. | ) ) ) | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441(b), 1446 and 1446(b)(3) -- |
| Defendants. | ) ) ) | DIVERSITY & FEDERAL QUESTION [DEMAND FOR JURY TRIAL] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Steven F. Gruel, hereby removes to this Court the state court action described below. The facts and law which support removal to this federal court are as follows:

1. <u>The Complaint, Answer and State Court Orders</u>:

On or about June 27, 2014, an action entitled "*Marco Antonio Corona Contreras vs.*

-1-
NOTICE OF REMOVAL OF ACTION

*Steven F. Gruel and Does 1-20, inclusive,"* was filed in the Superior Court of the State of California in and for the City and County of San Francisco Case No. CGC-14-540277. A true and correct copy of the complaint in that action is attached hereto as Exhibit A. A true and correct copy of the November 7, 2014 answer to the complaint is attached hereto as Exhibit B.

Attached as Exhibit C are the state court's orders in this case. This consists of the court's October 4, 2014 Order Denying the Defendant's Motion to Quash, the November 12, 2014 Order Continuing Case Management and the December 29, 2014 Notice of Time and Place of Trial.

2. <u>Summary of the Case</u>:

This case involves defendant's legal representation of the plaintiff after the latter was denied cancellation of removal by the immigration court and ordered to depart the United States in June 2010. Specifically, while represented by another attorney in Seattle, Washington, the plaintiff unsuccessfully sought cancellation of removal from the United States. Although plaintiff was ordered in May, 2010 to leave the United States within a month, defendant filed petitions and appeals so as to allow the plaintiff to lawfully remain in the United States. After three (3) years, when these appeals failed to reverse the previously ordered denial of cancellation, plaintiff hired two (2) attorneys. With new counsel, the plaintiff argued before the Board of Immigration Appeals (BIA) and the Ninth Circuit Court of Appeals to reopen his case claiming that his Seattle lawyer and the defendant provided ineffectiveness of counsel. On two (2) occasions, the BIA and the Ninth Circuit denied the plaintiff's arguments. <u>See</u> Exhibits G and Exhibit H (Orders of the Ninth Circuit Court of Appeals. In fact, on July 3, 2014 (six days after filing plaintiff's complaint) the Ninth Circuit specifically found that the plaintiff "failed to show he had been prejudiced" by the defendant's performance as his attorney. <u>See</u> Exhibit H.

3. <u>Summary of Grounds for Removal – Diversity and Federal Question</u>.

As detailed below, the present case consists of two (2) statutory grounds for removal

under federal law. Both *were not* apparent from the face of the plaintiff's complaint. Both are timely in that this Notice of Removal is filed within 30 days of defendant's awareness of these grounds for removal. See Title 28 U.S.C. § 1446(b)(3).

a) <u>Diversity Jurisdiction</u>

Although not apparent from the content or face of the plaintiff's complaint filed in state court, within the last thirty (30) days defendant received "papers" from which it shows that diversity jurisdiction exists in this matter. Specifically, on April 14, 2015, from these papers it became clear that the plaintiff is not a United States citizen or a lawful permanent resident of the United States. Rather, it is believed that the plaintiff remains a citizen of Mexico. Defendant Steven Gruel is a United States citizen. Thus, there is diversity jurisdiction under Title 28 U.S.C. §§ 1332(a); 1441(b).

Furthermore, although no specific amount of damages was alleged by the plaintiff in his complaint, his April 21, 2014 statement of damages establishes that the requirement of an amount over $75,000 in controversy is satisfied. See Exhibit E.

b) <u>Federal Question Jurisdiction</u>

Apart from the clear diversity jurisdiction, federal question jurisdiction exists. Within the last thirty (30) days, it has also become apparent that the plaintiff intends to rely upon federal law to deny relevant discovery. Specifically, in his April 21, 2014 Response to Production of Documents, plaintiff repeatedly rests upon immigration law to object to the production of critical discovery requests. Without explanation, the plaintiff asserts that Title 8 C.F.R. § 208.6 served to deny discovery production. Not only does this recent reliance on federal immigration law trigger removal to this Court, but it buttresses the fact that this case involves obvious application of federal law in that two (2) Ninth Circuit Decisions, as well as decisions of the Board of Immigration Appeals (BIA), have previously denied plaintiff relief upon finding that he suffered

1  "no prejudice" based on his meritless allegations against the defendant.

2      4.  Removal Based On Diversity

3  Title 28 U.S.C. §§ 1332(a), 1332(a)(2) 1441(b) provide that the district court shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a State and a foreign state.  To avoid saddling defendants with the burden of investigating jurisdictional facts, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the thirty-day clock under Title 28 U.S.C. § 1446(b) to begin.  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1138 (9th Cir. 2013).  Title 28 U.S.C. § 1446(b)(3) provides that a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an amended pleading, motion, order or ***other paper*** which it may first be ascertained that the case is one which is removable.  (emphasis added).

    A.  The Facts Support Removal Based On Diversity Jurisdiction

The complaint merely states that "Plaintiff Marco Antonio Corona Contreras (hereafter "Plaintiff") is an individual currently residing in San Lorenzo, California."  Exhibit A, paragraph 1.   No mention is made of the plaintiff's immigration status at the time of the filing the complaint.  A defendant is not under a duty of inquiry if the initial pleading or other document is "indeterminate" with respect to removability.  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013); citing *Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 693-94 (9th Cir. 2005).  A defendant is not required to speculate facts that support removal jurisdiction. *Rodriguez v. Boeing, Co.*, 2014 U.S. Dist. LEXIS 106798; citing *Jong v. General Motors Corp.* 359 F. Supp.  223, 226 (N.D. Cal. 1973).

    Not until April 14, 2015 did undersigned counsel fully learn that the plaintiff was neither a United States citizen nor a lawful permanent resident residing in this country.  Upon receipt of

these "papers," defendant timely files his notice of removal. Title 28 U.S.C. § 1446(b)(3).

On April 14, 2015, one of plaintiff's current immigration attorneys (Bernadette Connolly), not plaintiff's civil attorney Barry K. Tagawa, provided defense counsel with papers indicating that as of March 27, 2015, the plaintiff had been involved in ongoing litigation with the federal government involving his application to reopen his immigration proceedings. See Exhibit D.  In other words, only from the information contained within these "papers" provided by Ms. Connolly did the defendant have a full belief that diversity jurisdiction likely existed.

Moreover, apart that these other papers came from someone other than the plaintiff's civil attorney, it appears that Mr. Tagawa has attempted to obscure information which would establish facts supporting diversity. First, the complaint is devoid of any facts concerning plaintiff's immigration status in the United States.  Second, in an apparent effort to conceal and circumvent the Ninth Circuit's July 3, 2014, finding that plaintiff suffered "no prejudice" from defendant's alleged ineffective legal representation, Mr. Tagawa, on two (2) occasions, conveniently omitted in his representations to the state court the existence of this significant ruling.  On November 10, 2014, when specifically asked to list all "companion, underlying and related cases," plaintiff's counsel intentionally did not inform the state court in his Case Management Statement of the plaintiff's related Ninth Circuit case with the "no prejudice" judicial determination.  See Exhibit I, paragraph 13.  Again, on December 19, 2014, in another Case Management Statement, Mr. Tagawa omitted the related Ninth Circuit case fatal to his civil lawsuit.   See Exhibit H, Paragraph 13.

Frankly, the plaintiff's efforts to avoid disclosure of facts relevant to diversity are ongoing. Although required to produce discovery on April 21, 2015, plaintiff failed to do so. Instead, plaintiff's counsel first represented that he would produce documents, but then became unavailable to do so until May 30, 2015.

B. <u>Alleged Damages Exceed $75,000</u>

The law requires in cases with complete diversity that the amount in controversy exceed the sum or value of $75,000. District Courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interests and costs. *Rodriguez v. Boeing, Co.*, 2014 U.S. Dist. LEXIS 106798; <u>See also</u>, Title 28 U.S.C. § 1332. Here, the plaintiff fails to specify an amount of damages in his complaint. <u>See</u> Exhibit A. Nonetheless, we can "intelligently ascertain" by a preponderance of evidence that the amount in controversy exceeds $75,000. *Rodriguez v. Boeing, Co.*,

First, on April 21, 2015, plaintiff submitted his Response to Defendant's Request for Statement of Damages wherein he gave an "ongoing" total of alleged damages to date of $63,200. <u>See</u> Exhibit E. Next, significantly apart from the fact that the total is "ongoing," the plaintiff did not include in the $63,200 any estimate whatsoever of damages for his additional claims of punitive damages to be proven at trial and for legal fees. <u>Id</u>. The sum of these "unknown" damages, together with the ongoing "known" damages of $63,200, elevates this case over $75,000 in alleged damages.

In short, the calculation of the amount in controversy takes into account claims for general damages, special damages, punitive damages and attorney fees recoverable by statute or contract. *Rodriguez v. Boeing, Co.*, <u>citing</u> *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). Therefore, the threshold requirement of an amount in controversy of over $75,000 is satisfied.

5. <u>Removal Based on Federal Question</u>

Plaintiff alleges defendant's malpractice in immigration proceedings before the BIA and the Ninth Circuit Court of Appeals. On April 21, 2014, plaintiff's Response to Production of Documents, repeatedly, and without explanation, asserts nondisclosure predicated on privilege

and confidentiality according to Title 8 C.F.R. § 208.6.  Not only does this objection based on federal privilege and confidentiality trigger removal to this Court, but removal is supported by common sense. This case involves obvious application of federal law in that two (2) Ninth Circuit Decisions, as well as decisions of the Board of Immigration Appeals (BIA), have previously denied plaintiff relief upon finding that he suffered "no prejudice" based on his meritless allegations against the defendant. In short, plaintiff's alleged right to recovery, issues of federal privilege and confidentiality, BIA decisions and the Ninth Circuit finding of "no prejudice" necessarily involves substantial questions of federal law and, thus, jurisdiction in accordance with Title 28 U.S.C. § 1331.

Moreover, as we see from the plaintiff's assertion of a federal privilege to defeat discovery, the practice of law before federal courts and federal administrative agencies, is not subject to regulation by the California Code of Professional Conduct , the California State Bar Act (Cal. B & P Code § 6000 et seq.), or any other source of California law.  *Benninghoff v. Superior Court*, 136 Cal.App.4th 61, 74 (2006) (State law could not interfere with lawyer's representation of federal prisoners seeking prison transfers from the U.S. Dept. of Justice); *In re Poole*, 222 F.3d 618, 620 (9th cir. 2000) ("Admission to practice law before a state's courts and admission to practice before the federal courts in that state are separate, independent privileges. ... Once federal admission is secured, a change in circumstances underlying state admission ... is 'wholly negligible' on the right to practice before a federal court.");  *Winterrowd v. American General Annuity Ins. Co.,* 556 F.3d 815, 820 (9th Cir. 2009);  *Augustine v. Dept. of Veterans Affairs,* 429 F.3d 1334, 1338-1340 (Fed. Cir. 2005) (California could not regulate practice before federal Merit Systems Protection Board).

Indeed, Congress has enacted statutes expressly delegating authority to the federal courts and the relevant federal administrative agencies to adopt rules and regulations governing legal

practice and procedure before them.  28 U.S.C. §§ 2071, 2072; 8 U.S.C. § 1101 et seq.  In turn, federal courts and the United States Department of Justice Executive Office For Immigration Review (EOIR) have adopted rules and regulations which create a comprehensive scheme regarding legal representation and practice before them, including their enforcement.  See, e.g. Fed. R. Civ. P. Rule 11, Fed. R. App. P. Rule 46(a)(3) and 8 C.F.R. §§ 1001.1, 1003.101, 1003.102 and 1292.1, et seq.  As a result, state laws which seek to regulate attorney or legal practice solely with respect to immigration matters are preempted by the comprehensive federal schemes. See, e.g. *Pacific Gas and Elec. Co. v. State Energy Res. Conservation & Dev. Comm.*, 461 U.S. 190, 204 (1983) ("Field preemption" exists when a "scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room to supplement it, because the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject or because the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose.") See also United States Constitution, Art. I § 8, cl. 4 and 9 (Congress has authority to "establish an uniform Rule of Naturalization" and "constitute Tribunals inferior to the supreme Court."); Art. III, § 1 (establishing supreme Court and such inferior Courts "as the Congress may from time to time ordain and establish.")

 The "[p]ower to regulate immigration is unquestionably exclusively a federal power." *De Canas v. Bica,* 424 U.S. 351, 354 (1976); *Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004); see also *Toll v. Moreno*, 458 U.S. 1, 11 (1982) ("determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization" are matters exclusively reserved to the federal government.)  This exclusive reservation must necessarily include proceedings and procedures before federal administrative agencies and the federal courts in

which immigration determinations are made and reviewed.

6. <u>Jurisdiction</u>.   This Court has jurisdiction in accordance with Title 28 U.S.C. §§ 207; 2072; 1331, 1332, 1441 and 1446.

7. <u>Intradistrict Assignment</u>.  Given that the state court action was filed in the California Superior Court, City and County of San Francisco, this case is properly removed to this Court. <u>See</u> Civil Local Rule 3-2(d).

8. <u>Notice To Plaintiff and the State Court</u>: Copies of this Notice of Removal with Exhibits A – J will be served upon plaintiff's counsel and filed with the San Francisco Superior Court.

9. <u>Demand for Jury Trial</u>.  The removing defendant hereby demands a jury trial.

10. <u>Signed In Accordance with Federal Rule 11</u>:  In accordance with Title 28 U.S.C. 1446(b), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated: May 12, 2015                                   Law Offices of Paul H. Nathan


                                                            By:       /s/ *Paul H. Nathan*
                                                                  Paul H. Nathan
                                                                  Attorney for defendant Steven F. Gruel